## A04A0693. HECTOR v. THE STATE.
### (596 SE2d 189)

ELDRIDGE, Judge.

A DeKalb County jury found Herbert Hector guilty of being a party to the crime of robbery by intimidation, which charge arose when Hector's accomplice entered the First Union Bank at South DeKalb Mall carrying a briefcase containing a phony "bomb" made of door knobs and other debris; after handing the teller a note demanding money and stating that he was in possession of C4 explosives which would "kill us all," the accomplice absconded with approximately $7,000. The jury acquitted Hector of an additional count of armed robbery. He now appeals, claiming that the evidence was insufficient to support his conviction and that the trial court gave a coercive charge to the jury. Finding no basis for reversal, we affirm.

1. Hector first challenges the sufficiency of the evidence against him. When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[1]

This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. . . . "[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." [Cit.][2]

Here, two of Hector's accomplices testified at trial. Both stated that Hector was instrumental in planning the robbery; that Hector made the phony bomb using articles taken from an abandoned apartment; and that Hector wrote the note threatening to "kill us all" with C4 explosives. In addition, the teller included a red dye pack with the money she turned over during the robbery, and Hector was found in an apartment where money stained with red dye was located. Construing this evidence most strongly in support of the jury's verdict and recognizing both that "the testimony of each [accomplice] was corroborative of the testimony of the other"[3] and that Hector was found in close proximity to money taken during the robbery, we find the evidence sufficient for a rational trier of fact to have found Hector guilty beyond a reasonable doubt as a party to the crime of robbery by intimidation.[4]

2. Hector next claims the trial court gave an *Allen*-type charge that coerced the verdict in this case. We disagree.

After lengthy deliberation, the jury indicated it was deadlocked. Upon inquiry as to the numerical division, the jury informed the court that it was split six-six on Count 1, armed robbery, and eleven to one on Count 2, robbery by intimidation. The trial court then gave the jury an "*Allen* charge" without objection, and the jury returned to deliberations.

Approximately two hours later, the court again addressed the jury, suggesting that they try to reach agreement on the count which was split eleven to one, "[i]f you think you can reasonably and conscientiously do that in light of all the instructions I have given you, all the other points of law that I've talked to you about, if you can reach an agreement on that count, that would be of some benefit." The court then informed the jury that he would dismiss them for the night at 5:00 p.m. "if you haven't reached a verdict by then."

We find nothing improper or coercive about the court's comments. The two cases relied upon by Hector are readily distinguishable from the trial court's conduct here, since the court did not even remotely suggest that any juror surrender an honest opinion to reach

---

[2] *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001).

[3] (Citation omitted.) *Riley v. State*, 268 Ga. 640, 641 (1) (491 SE2d 802) (1997).

[4] *Escutia v. State*, 277 Ga. 400 (589 SE2d 66) (2003).

a verdict; did not offer an opinion that the evidence was sufficient for a jury to reach a verdict; and did not in any way intimate that a verdict should be reached before the jury was dismissed at 5:00 p.m.[5] The trial court suggested only that deliberation focus on the count that seemed closest to achieving jury unanimity; the court neither stressed that unanimity must be reached nor suggested what the result of any unanimity should be. Further, contrary to Hector's contention, the trial court was not required to determine whether the jury was "making progress" in its deliberation before making its suggestion.[6] Viewing the jury instructions as a whole, we cannot say that the disputed jury charge "cause[d] a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors."[7] Accordingly, such charge presents no basis for reversal.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 18, 2004 —
RECONSIDERATION DENIED MARCH 4, 2004.

*Maryann B. Davidson*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[5] Compare *McMillan v. State*, 253 Ga. 520, 522-523 (4) (322 SE2d 278) (1984); *Ball v. State*, 9 Ga. App. 162 (70 SE 888) (1911).

[6] *Moore v. State*, 215 Ga. App. 626, 628 (3) (451 SE2d 534) (1994).

[7] (Citation and punctuation omitted.) *Cannon v. State*, 223 Ga. App. 248, 249 (3) (477 SE2d 381) (1996).