A05A2137. MAGANA-GONZALEZ v. THE STATE.
(626 SE2d 167)

MIKELL, Judge.

    Jorge Magana-Gonzalez was indicted for armed robbery and robbery. A jury convicted him of robbery, and robbery by intimidation as a lesser included offense of armed robbery. The trial court merged the convictions for sentencing purposes and sentenced him to ten years. In his sole enumeration of error, Magana-Gonzalez contends that the evidence is insufficient to support his convictions. We disagree and affirm.

> A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) By sudden snatching.[1]

    Construed in favor of the verdict, the evidence shows that on July 25, 2004, Juan Fraire was lying on his bed in the living room of the apartment he shared with Magana-Gonzalez and a man named Fernando when Magana-Gonzalez and co-defendant Misael de Jesus Rivera arrived at the apartment and began cooking in the kitchen. Magana-Gonzalez came into the living room and asked Fraire to loan him $20. Fraire refused. Magana-Gonzalez then asked to borrow $15 and Fraire again refused. Fraire finally agreed to loan Magana-Gonzalez two dollars. When Fraire, who had just received a paycheck

---

[1] OCGA § 16-8-40 (a).

the day before, reached into his pocket to get the money, Magana-Gonzalez brandished a steak knife and said "right now, you mother fucker . . . give me the money now, or I'm going to stab you." Magana-Gonzalez and Rivera "frisked" Fraire and then Rivera untied Fraire's shoelaces and tried to use them to tie him up. Fraire tried to run, but the men stopped him and Magana-Gonzalez hit him in the face. When Fraire started to scream, Rivera threw the knife on Fraire's bed, and the two men fled with $160. Fraire immediately went to his sister-in-law's house, and she called the police. Officer Abraham Chiesa of the Dalton Police Department responded to the call. Fraire gave Chiesa a statement about the incident and they returned to the apartment where they were met by Officer Ensley who photographed the scene.

Three days later, Magana-Gonzalez and Rivera were apprehended. That same day, in an interview with Detective Smedley of the Dalton Police Department and Special Agent Peter Tracy of the Department of Homeland Security, Immigration and Customs Enforcement, both men, after signing a waiver of their *Miranda* rights in Spanish, admitted to threatening Fraire with a knife and taking money from him because Fraire refused to repay money they had loaned him. The statements were translated from Spanish to English by Tracy and transcribed by Smedley.

Magana-Gonzalez attacks Fraire's testimony and his credibility, and Tracy's prejudicial testimony, i.e., that it is not his or his agency's practice to videotape interrogations. He also argues that Fraire was never touched by the knife, that the crime scene was staged, that Magana-Gonzalez lacked a motive, and that there were no fingerprints on the knife. These arguments are meritless. First, the jury is the judge of witness credibility and "is authorized to believe or disbelieve all or any part of the testimony of witnesses."[2] Second, although his argument is unclear, to the extent Magana-Gonzalez is arguing that his statement should not have been admitted or testified to by Tracy because it was not videotaped, this argument fails because it was not raised below.[3] Third, the jury was advised of — and clearly rejected — the possibilities that the crime scene was staged, and that Magana-Gonzalez lacked a motive because he had at least $20 in his possession. Fourth, fingerprint evidence was not essential to the case. Fraire testified that Magana-Gonzalez and Rivera threatened him with a steak knife and then threw the knife on his bed;

---

[2] (Citation and punctuation omitted.) *Rowe v. State*, 244 Ga. App. 654, 655 (1) (538 SE2d 452) (2000).

[3] See, e.g., *Hankerson v. State*, 275 Ga. App. 545, 548 (3) (621 SE2d 772) (2005).

Chiesa found a steak knife lying on Fraire's bed; and Magana-Gonzalez himself admitted to holding a knife in his hand while arguing with Fraire. Finally, it is inconsequential that Magana-Gonzalez never touched Fraire with the knife.

> A conviction for robbery by intimidation, OCGA § 16-8-40 (a) (2) . . . requires proof that the theft was attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person.[4]

Here, Fraire's testimony concerning Magana-Gonzalez's threats and demands was sufficient to establish the element of intimidation. The evidence was sufficient to support the convictions.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2006.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Jacques M. Massey, Assistant District Attorney*, for appellee.

---

[4] (Citation and punctuation omitted.) *Johnson v. State*, 195 Ga. App. 56, 58 (1) (b) (392 SE2d 280) (1990).