## A06A0277. RIVERA v. THE STATE.
(630 SE2d 152)

MIKELL, Judge.

Misael de Jesus Rivera was indicted for armed robbery and robbery. A jury convicted him of robbery, and robbery by intimidation as a lesser included offense of armed robbery. The trial court merged the convictions for sentencing purposes and sentenced him to ten years. Following the denial of his motion for new trial, Rivera challenges the sufficiency of the evidence and the admission of his confession. Finding no error, we affirm.

Rivera was tried along with codefendant Jorge Magana-Gonzalez. Magana-Gonzalez was convicted of robbery, and robbery by intimidation as a lesser included offense of armed robbery. Both defendants appealed their convictions. We affirmed Magana-Gonzalez's conviction at *Magana-Gonzalez v. State.*[1] The relevant facts, as set forth in that opinion, follow:

> [O]n July 25, 2004, Juan Fraire was lying on his bed in the living room of the apartment he shared with Magana-Gonzalez and a man named Fernando when Magana-Gonzalez and [appellant] arrived at the apartment and began cooking in the kitchen. Magana-Gonzalez came into the living room and asked Fraire to loan him $20. Fraire refused. Magana-Gonzalez then asked to borrow $15 and

---

[1] 277 Ga. App. 195 (626 SE2d 167) (2006).

Fraire again refused. Fraire finally agreed to loan Magana-Gonzalez two dollars. When Fraire, who had just received a paycheck the day before, reached into his pocket to get the money, Magana-Gonzalez brandished a steak knife and said "right now, you mother fucker[,] give me the money now, or I'm going to stab you." Magana-Gonzalez and Rivera "frisked" Fraire and then Rivera untied Fraire's shoelaces and tried to use them to tie him up. Fraire tried to run, but the men stopped him and Magana-Gonzalez hit him in the face. When Fraire started to scream, Rivera threw the knife on Fraire's bed, and the two men fled with $160. Fraire immediately went to his sister-in-law's house, and she called the police. Officer Abraham Chiesa of the Dalton Police Department responded to the call. Fraire gave Chiesa a statement about the incident and they returned to the apartment where they were met by Officer Ensley who photographed the scene. Three days later, Magana-Gonzalez and Rivera were apprehended. That same day, in an interview with Detective Smedley of the Dalton Police Department and Special Agent Peter Tracy of the Department of Homeland Security, Immigration and Customs Enforcement, both men, after signing a waiver of their *Miranda* rights in Spanish, admitted to threatening Fraire with a knife and taking money from him because Fraire refused to repay money they had loaned him. The statements were translated from Spanish to English by Tracy and transcribed by Smedley.[2]

1. Rivera contends the evidence was insufficient to support his conviction, arguing specifically that Fraire made repeated contradictory statements to police and to the jury regarding "fundamental points of truth such as his marital status and his relationship with [Rivera]" and that it was merely circumstantial evidence that the knife was used to intimidate Fraire and not for cooking. These claims are meritless.

> The elements of robbery by intimidation . . . include the intent to commit theft and the taking of property from the person or the immediate presence of another by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another. OCGA § 16-8-40 (a) (2). A conviction for robbery by intimidation requires proof that the theft was

---

[2] (Punctuation omitted.) Id. at 195-196.

attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person.[3]

Although Rivera asserts that there were inconsistencies in Fraire's testimony, "[c]onflicts in testimony and questions about witness credibility are matters for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's case, the jury's verdict will be upheld."[4] Fraire's testimony was sufficient to establish the element of intimidation.

Moreover, contrary to Rivera's contention, the verdict did not depend upon circumstantial evidence. Rivera's confession and Fraire's testimony that Rivera and Magana-Gonzalez threatened him with a knife and took his money were sufficient to establish the element of intimidation. We find the evidence sufficient for the jury to find Rivera guilty of robbery by intimidation under the standard of *Jackson v. Virginia.*[5]

2. In two related enumerations, Rivera argues that the trial court erred in ruling his confession admissible following the *Jackson-Denno* hearing because it was involuntary and he believed he was being interrogated about his immigration status. In this regard, OCGA § 24-3-50 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The state bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence.[6] The trial court's findings of fact and credibility after a *Jackson v. Denno* hearing are to be accepted unless clearly erroneous.[7]

In this case, Tracy testified that he told Rivera and Magana-Gonzalez that they were under arrest for being in the country illegally and that officers wanted to talk to them about a robbery; that he speaks English and Spanish; that he read the Spanish version of the *Miranda* warning to Rivera in the booking room of the Immigration and Customs Enforcement Building prior to questioning him; that Rivera understood his rights; that Rivera signed the waiver of

---

[3] (Citation and punctuation omitted.) *Smith v. State*, 247 Ga. App. 173, 174 (543 SE2d 434) (2000).

[4] (Footnotes omitted.) *Edwards v. State*, 271 Ga. App. 415, 416-417 (1) (c) (609 SE2d 741) (2005).

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] See *Rollinson v. State*, 276 Ga. App. 375, 380 (1) (d) (623 SE2d 211) (2005).

[7] See *Brooks v. State*, 230 Ga. App. 846, 849 (3) (498 SE2d 139) (1998).

rights form with an "X" because he did not know how to write; that Rivera did not desire an attorney; that Rivera did not invoke his right to remain silent; and that no one threatened or promised Rivera anything in exchange for his statement. In light of the above, the fact that Tracy did not know Rivera's age, his educational background or his familiarity with the "custodial experience" does not render Rivera's confession invalid or involuntary. Moreover, "a law enforcement officer's failure to advise a suspect as to the crimes about which he is to be questioned prior to the suspect's waiver of his *Miranda* rights is not relevant to the question of whether the suspect's waiver was knowing and voluntary."[8] The trial court did not err in finding that Rivera knowingly and voluntarily waived his *Miranda* rights and that his statement was voluntary.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 17, 2006.

*Michael R. McCarthy, Bentley C. Adams III, Robert C. Watts,* for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Jacques M. Massey, Assistant District Attorneys,* for appellee.

---

[8] *Peebles v. State,* 260 Ga. 430, 431 (1) (396 SE2d 229) (1990), citing *Colorado v. Spring,* 479 U. S. 564, 577 (III) (B) (107 SC 851, 93 LE2d 954) (1987).