A06A2096. LANCASTER v. THE STATE.
(637 SE2d 131)

BLACKBURN, Presiding Judge.

Following a jury trial, Michael Lancaster appeals his convictions of false imprisonment and robbery by intimidation, contending that (1) the trial court erred in charging the jury as to the lesser included offense of robbery by intimidation where the evidence did not support it, and (2) that the trial court erred in failing to merge the counts of false imprisonment and robbery by intimidation. We disagree and affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Lancaster] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State*.[1]

So viewed, the evidence shows that, at around midnight, Kiesha Daniels was walking down a street with a female friend after leaving a dance club. Daniels saw three men across the street, including Lancaster, and called out to the men. The men offered Daniels and her friend a ride, and as they walked to the car, two of the men pulled Daniels's friend into an alley. Lancaster then took Daniels by the arm,

and, as she struggled, pulled her into the alley. Lancaster next put a pistol to Daniels's side and demanded money. Daniels gave Lancaster her purse, and he fled on foot with the other men toward a nearby MARTA station.

Daniels called the police, who responded and spotted Lancaster at the MARTA station. Lancaster fled into a subway tunnel and an officer pursued, eventually detaining Lancaster and removing him from the tunnel. Daniels went to the MARTA station and identified Lancaster as the person who grabbed her and took her purse at gunpoint. Lancaster was arrested, and when police searched Lancaster incident to the arrest, they found a bag containing marijuana.

Lancaster was charged with false imprisonment, armed robbery, possession of marijuana with intent to distribute, possession of a firearm during the commission of a felony, and possession of a knife during the commission of a felony. During a jury trial, Lancaster moved for a directed verdict, which was granted with respect to the charge of possession of a knife during the commission of a felony. The jury found Lancaster guilty of false imprisonment, robbery by intimidation (as a lesser included charge to the armed robbery charge), possession of marijuana (as a lesser included charge to the possession with intent to distribute), and possession of a firearm during the commission of a felony. Following the denial of his motion for a new trial, Lancaster now appeals.

1. Lancaster contends that, in light of the evidence, the trial court erred in charging the jury, over his objection, as to the lesser included offense of robbery by intimidation. We disagree.

Lancaster was charged with committing armed robbery in violation of OCGA § 16-8-41 (a), which provides as follows:

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.

Lancaster argues that because he was charged with robbing Daniels with a pistol, and because the evidence showed that Daniels's assailant used a pistol, he could not be convicted of robbery by intimidation, which does not require the use of an offensive weapon. See OCGA § 16-8-40 (a) (2). This argument is incorrect. OCGA § 16-8-41 "unequivocally provides that robbery by intimidation is a lesser included offense in the offense of armed robbery, and it necessarily follows that evidence authorizing a conviction of robbery by the use of

an offensive weapon would authorize a conviction of robbery by intimidation." *Holcomb v. State.*[2] In light of the evidence that Lancaster robbed Daniels by use of a firearm as an offensive weapon, which would authorize a conviction of armed robbery, the robbery by intimidation jury charge and conviction were authorized.

2. Lancaster next contends that the trial court erred in failing to merge the counts of false imprisonment and robbery by intimidation. We disagree.

"The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Punctuation omitted.) *Reeves v. State.*[3] Under OCGA § 16-5-41 (a), the crime of false imprisonment is complete when, "in violation of the personal liberty of another, [a person] arrests, confines, or detains such person without legal authority." Under OCGA § 16-8-40 (a) (2), the crime of robbery by intimidation is complete when, "with intent to commit theft, [a person] takes property of another from the person or the immediate presence of another . . . [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself."

Here, the evidence showed that Lancaster first pulled Daniels into the alley against her will by taking a firm hold of her arm. Indeed, Daniels testified that she unsuccessfully struggled to escape and that Lancaster's grip left marks on her arm. This was sufficient to show the completed crime of false imprisonment. See *Reynolds v. State.*[4] Following these acts, Lancaster pointed a pistol at Daniels, demanded money, and took her purse without her permission. These later facts showed the subsequent crime of robbery by intimidation. Therefore, the sequential crimes of false imprisonment and robbery by intimidation were not proven by the same facts and did not merge. See *Hill v. State.*[5]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 4, 2006.

*Torris J. Butterfield*, for appellant.

---

[2] *Holcomb v. State*, 230 Ga. 525, 527 (198 SE2d 179) (1973).

[3] *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998).

[4] *Reynolds v. State*, 269 Ga. App. 268, 270 (1) (c) (603 SE2d 779) (2004).

[5] *Hill v. State*, 279 Ga. App. 666, 668-669 (2) (632 SE2d 443) (2006).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Stephany J. Luttrell, Assistant District Attorneys,* for appellee.