### A07A1827. LOUIS v. THE STATE.
(658 SE2d 897)

PHIPPS, Judge.

Following the affirmance of his convictions of three counts of aggravated assault and one count of first degree criminal damage to property,[1] Nimrod Louis collaterally attacked the convictions on grounds that some counts should have merged for sentencing purposes and that judgment was entered upon mutually exclusive verdicts. We affirm because Louis has failed to demonstrate merit in these contentions.

Evidence at the jury trial placed Louis in his Honda with the gunman in the shooting incident underlying this case. Just after midnight on March 10, 1996, a Honda matching the description of Louis's Honda tailgated a Pontiac before abruptly passing it and then pulling directly in its path, which caused the Pontiac to slide into the Honda. A backseat passenger quickly emerged from the Honda and began shooting a firearm, aiming initially in the direction of the Pontiac's driver side window. The Pontiac's driver put the car in reverse; the three occupants of the Pontiac ducked; and the car sped

---

[1] *Louis v. State*, 230 Ga. App. 897 (497 SE2d 824) (1998).

backward from the scene as rapid gunshots continued to be discharged in its direction. After hitting a fire hydrant, the Pontiac stopped; it was emitting smoke; and its windshield was shattered. The occupants abandoned the car on foot.

Eighteen bullets pierced various parts of the Pontiac, including its windshield, front grill and bumper, hood and roof. The driver sustained a gunshot wound to his left shoulder. A bullet "ricocheted and hit" the front passenger's leg. The back passenger received no physical injuries.

Louis was convicted in late 1996 of three counts of aggravated assault by "assault[ing] the person[s] of [the three Pontiac occupants] with a [gun or firearm], a deadly weapon, by pointing said [gun or firearm] in [their] direction and discharging said [gun or firearm]" and one count of first degree criminal damage to property, by unlawfully interfering with the Pontiac "in such a manner as to endanger human life, by discharging a firearm into said vehicle while said vehicle was occupied by [the three named occupants]."[2] He was sentenced to 40 years, with 15 to serve.

In 2006, Louis filed a "motion to vacate and correct void judgment of sentence." He asserted that the conduct of discharging a firearm in the direction of a car occupied by three individuals established not only the three aggravated assault offenses, but also the element of endangering human life necessary for the property crime. Louis argued that, under the "actual evidence" test,[3] the aggravated assault offenses therefore should be merged as lesser included offenses as a matter of fact into the first degree criminal damage to property offense. In addition, Louis argued that his convictions for the aggravated assaults and first degree criminal damage to property rested upon mutually exclusive verdicts because they required different intents. The trial court rejected Louis's arguments.

1. Citing OCGA § 16-1-6 (1), Louis contends that his sentences for the aggravated assaults should be vacated, asserting that those offenses are lesser included offenses as a matter of fact of the first degree criminal damage to property. We find no merit in this contention.

OCGA § 16-1-6 (1) states that a crime is "included in a crime charged in the indictment or accusation" when "[i]t is established by proof of the same or less than all the facts or a less culpable mental

---

[2] Louis was also convicted of possession of a firearm during the commission of a crime, which is not an issue in this appeal.

[3] Under the "actual evidence" test, a lesser crime will be included in a greater crime if "the evidence actually presented at trial to establish the elements of the crime charged also establishes all the elements of the lesser crime." *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006) (punctuation and footnote omitted).

state than is required to establish the commission of [the other crime]." In *Drinkard v. Walker*,[4] the Supreme Court of Georgia disapproved the "actual evidence" test for determining when one offense is included in another under OCGA § 16-1-6 (1) and adopted in its stead the "required evidence" test.[5] Further, *Drinkard* instructed that under the "required evidence" test, "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[6]

First degree criminal damage to property is committed when a person "[k]nowingly and without authority interferes with any property in a manner so as to endanger human life."[7] Aggravated assault is committed when a person assaults, as defined by the two paragraphs of OCGA § 16-5-20 (a), with a deadly weapon.[8] Under paragraph (1), assault is committed when a person "[a]ttempts to commit a violent injury to the person of another"; under paragraph (2), assault is committed when a person "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[9] While neither the indictment nor the verdict form in the instant case specified in which of the two possible manners the underlying assaults were committed, our review of the record shows that the evidence and the jury instructions authorized findings of guilt under each paragraph.[10]

Accordingly, each aggravated assault required the element of either an intent to injure or the victim's reasonable apprehension of immediately receiving a violent injury.[11] Neither such element, however, was required to prove the first degree criminal damage to property. First degree criminal damage to property required a showing of interference with property, which was not an element of

---

[4] Supra.

[5] *Drinkard*, supra.

[6] Id. at 215.

[7] OCGA § 16-7-22 (a) (1).

[8] OCGA § 16-5-21 (a) (1).

[9] OCGA § 16-5-20 (a); see *Flores v. State*, 277 Ga. 780, 782-784 (3) (596 SE2d 114) (2004).

[10] See *Goforth v. State*, 271 Ga. 700, 701-702 (3) (523 SE2d 868) (1999) (deliberate act of firing gun in victim's direction was sufficient to establish an intent to injure victim). Although the record does not make clear whether each occupant of the Pontiac saw the gun pointed in his or her direction, see *Matthews v. State*, 224 Ga. App. 407, 408 (1) (481 SE2d 235) (1997) (where pointing a firearm places victim in reasonable apprehension of immediate violent injury, aggravated assault has occurred), each occupant's reaction to the gunshots sufficiently showed a reasonable apprehension of immediately receiving violent injury. See *Lewis v. State*, 215 Ga. App. 161, 163 (2) (450 SE2d 448) (1994) (flight by victim terrified by gunfire satisfied element of reasonable apprehension of immediately receiving violent injury).

[11] See *Maynor v. State*, 257 Ga. App. 151, 153-156 (570 SE2d 428) (2002).

aggravated assault. It follows that under the "required evidence" test, no aggravated assault offense was a lesser included offense of the first degree criminal damage to property offense; furthermore, the property offense was not a lesser included offense of any aggravated assault offense. Here, the fact that the act of discharging a firearm in the direction of the occupied car supports an element in each crime does not warrant merger of the counts where other mutually exclusive elements of the crimes remain.[12]

2. Louis contends that his convictions for aggravated assault rest upon verdicts that are mutually exclusive of the verdict underlying his conviction for first degree criminal damage, and thus, all convictions must be overturned. Pretermitting whether this contention was waived by Louis's failure to raise it during the trial and on direct appeal,[13] we find no merit in his argument.

"Verdicts are mutually exclusive where a guilty verdict on one count logically excludes a finding of guilt on the other."[14] Louis specifically argues that, with respect to the conduct being punished — discharging gunshots upon an occupied car, the jury found that he acted both with intent to injure (regarding the aggravated assault offenses) and with criminal negligence (regarding the property crime). He argues that such findings cannot legally co-exist.

Louis correctly points out that the phrase "in a manner so as to endanger human life" included in the statutory definition of first degree criminal damage to property means "reckless" endangerment.[15] And he correctly points out that a verdict of guilty as to aggravated assault based upon paragraph (1) of OCGA § 16-5-20 (a) requires a finding of an intent to injure, "which precludes the element of criminal negligence in reckless conduct."[16] Moreover, although an assault based upon paragraph (2) does not exclude a finding of guilt for reckless conduct,[17] that paragraph cannot be exclusively relied

---

[12] See *Drinkard*, supra at 216; *Davis v. State*, 281 Ga. 871, 873 (2) (644 SE2d 113) (2007).

[13] But see *Jackson v. State*, 276 Ga. 408, 410 (2), n. 2 (577 SE2d 570) (2003) (determining that a judgment entered upon mutually exclusive verdicts is a "void judgment," which may be attacked even upon induced error); *State v. Freeman*, 272 Ga. 813, 815-816 (2) (537 SE2d 92) (2000) (implicitly finding mutually exclusive verdicts and that convictions entered thereupon were "illegal or void as a matter of law"); *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002) (void judgment is mere nullity and may be so held in any court where it becomes material to the interest of the parties to consider it).

[14] *Waits v. State*, 282 Ga. 1, 2 (2) (644 SE2d 127) (2007) (citations and punctuation omitted).

[15] *Carthern v. State*, 272 Ga. 378, 381 (529 SE2d 617) (2000).

[16] *Jackson*, supra at 412 (citations and emphasis omitted); see *Flores*, supra at 784; *Mills v. State*, 280 Ga. 232, 234 (2) (626 SE2d 495) (2006); *Waugh v. State*, 263 Ga. 692, 694 (5) (437 SE2d 297) (1993) (reckless conduct is an instance of criminal negligence, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another).

[17] *Flores*, supra (an aggravated assault predicated upon paragraph (2) of OCGA § 16-5-20 (a) is not mutually exclusive of a conviction for reckless conduct because that paragraph does

upon to reconcile a conflict between guilty verdicts for aggravated assault and first degree criminal damage to property, where, as here, the indictment, evidence, and jury instruction authorized guilty verdicts on the charges of aggravated assault based upon *both* paragraphs of OCGA § 16-5-20 (a).[18]

But even assuming, as we must for purposes of this contention,[19] that the aggravated assault offenses were based upon jury findings of intent to injure, Louis's contention fails because "[t]he rule against mutually exclusive verdicts applies only where the convictions result from the same act involving the same victim at the same instant."[20] Convictions for both aggravated assault with intent to injure and first degree criminal damage to property do not exclude each other in those situations "where the offenses underlying the convictions can be reconciled by looking to either the legal requirements for each underlying offense or to the unique facts adduced at trial."[21] In this case, the convictions at issue can be so reconciled.

The contested verdicts stemmed from evidence that approximately eighteen gunshots were fired within a brief time span in the direction of the Pontiac, striking two of the three occupants and damaging the car. This evidence authorized the jury to find that certain of the gunshots were fired with the intent to injure the car occupants (which conduct completed three counts of aggravated assault) and that other gunshots were fired to damage or disable the backwardly speeding car (which conduct showed the offense of first degree criminal damage to property). Thus reconciled by a consideration of the legal requirements and the evidence adduced, the convictions did not result from the same act at the same instant; therefore, the rule against mutually exclusive verdicts does not require reversal of any conviction.[22]

---

not require a finding that the defendant intended to injure the victim; rather, the only intent that need be shown is the intent to commit the act that caused the victim to be reasonably apprehensive of immediately receiving a violent injury).

[18] *Jackson*, supra at 412-413 (3), n. 5 (new trial ordered where Court could not eliminate the "reasonable probability" that the jury might have returned a mutually exclusive verdict by finding defendant had acted with both criminal negligence as to one charge and with criminal intent as to aggravated assault charge, where it could not be "conclusively" determined from the indictment, evidence, and jury instructions that the verdict on the latter rested "exclusively" on OCGA § 16-5-20 (a) (2)).

[19] See *Jackson*, supra at 412-413 (3), n. 5.

[20] *Waits*, supra at 3.

[21] *Jackson*, supra at 411.

[22] See *Waits*, supra at 3-4 (reconciling verdicts as not mutually exclusive, where a rational trier of fact could have found that the victim's several injuries were not caused by the same act); *Carrell v. State*, 261 Ga. App. 485, 486-487 (1) (583 SE2d 167) (2003); *Robinson v. State*, 254 Ga. App. 842-843 (1) (563 SE2d 919) (2002) (reconciling verdicts as not mutually exclusive, where charges involved different victims); compare *Reddick v. State*, 264 Ga. App. 487, 493-494 (4)

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 7, 2008 —

Nimrod Louis, *pro se.*
T. Joseph Campbell, *District Attorney*, for appellee.

---

(591 SE2d 392) (2003) (verdicts underlying convictions for aggravated assault with the intent to injure and reckless conduct for the same act of shooting a single victim were mutually exclusive).