A09A1787. LYONS v. THE STATE.
(684 SE2d 388)

JOHNSON, Presiding Judge.

Homer Lyons, Jr., was indicted on charges of armed robbery, false imprisonment, aggravated assault, impersonating an officer, and

---

possession of a firearm during the commission of a crime. A jury found Lyons guilty of all of the charges, except that it found him guilty of robbery by intimidation as a lesser included offense of armed robbery. The trial court entered judgments of conviction on the verdict, but later vacated the conviction for possession of a firearm during the commission of a crime.[1] Lyons appeals, challenging the sufficiency of the evidence to support the convictions, and asserting that the trial court erred in finding that the jury could acquit him on the armed robbery charge but still find him guilty of aggravated assault. The arguments are without merit, so we affirm his convictions.

1. We first examine Lyons' challenge to the sufficiency of the evidence.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.[2]

Viewed in the light most favorable to the verdict, the evidence shows that Alonzo Smith was at the home of his second cousin, Christina Henderson, when two men wearing t-shirts with the word "SHERIFF" on them came through the door. One of the men, whom Smith identified as Lyons, told Smith to lie face down on the floor and handcuffed him. The other man, whom Smith identified as Lyons' co-defendant, Alvin Powers, displayed a handgun. The men took cash from Smith's pocket. Powers kicked Smith in the chest, then forced him at gunpoint to write a letter stating that Smith had attempted to rape Henderson. Powers asked Lyons if he wanted Smith's motorcycle, which Smith had left at home. Lyons replied that he did, and demanded that Smith sign a document stating that he sold his motorcycle to Lyons. They told Smith that they knew where his

---

[1] The trial court vacated the conviction because the indictment alleged that Lyons possessed a firearm during the commission of the crime of armed robbery, and the jury had not been instructed on the lesser included offense of robbery by intimidation in the context of the firearm possession charge.

[2] (Citations and punctuation omitted.) *Hector v. State*, 266 Ga. App. 80, 80-81 (1) (596 SE2d 189) (2004).

daughters lived and where his wife worked, and that if he did not come back with the motorcycle, they would harm his family. Smith agreed to go home to get the motorcycle and bring it back.

After three to four hours, the men released Smith so he could retrieve the motorcycle. Smith brought the motorcycle back after his release because he was afraid the men would harm his family if he did not. Smith reported the incident to police several days later. A sheriff's deputy assisted Smith in retrieving the motorcycle from Henderson's driveway.

Lyons contends that there was no evidence that he committed robbery by intimidation, as Smith gave him the motorcycle because he did not want his wife to find out about his involvement with another woman, not because he feared his family would be harmed. After all, Lyons urges, no one followed Smith home at gunpoint and forced him to bring back the motorcycle after he was released. Lyons' argument is not persuasive.

A person commits the offense of robbery by intimidation when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another.[3] The Supreme Court of Georgia has defined "intimidation" in the robbery context to mean "that terror likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person," and "that act by the perpetrator which puts the person robbed in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking."[4] Smith testified that the men entered the home wearing law enforcement clothing and wielding a handgun, then forced him onto the floor and took his money. Smith also testified that when the men released him, after having kicked him in the chest and threatened him with a gun, they told him that they knew where his daughters lived and wife worked, and they would harm his family if he did not return with the motorcycle. Under either set of facts, the taking of the cash or of the motorcycle, a rational finder of fact could find Lyons guilty of robbery by intimidation.[5]

Lyons contends that his other convictions cannot stand because Smith was not a credible witness. Lyons urges that Smith was a

---

[3] OCGA § 16-8-40 (a) (2).

[4] (Citation and punctuation omitted.) *Hewitt v. State*, 277 Ga. 327, 329 (1) (b) (588 SE2d 722) (2003).

[5] *Smith v. State*, 287 Ga. App. 222, 228 (4) (651 SE2d 133) (2007); see OCGA § 16-2-20 (a) (every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime).

convicted felon who had made sexual advances toward his own relative, and Smith's wife even testified that Smith is an "[u]ntruthful" person whom she would not believe even if he had taken an oath to tell the truth. However, it was for the jury to determine the credibility of witnesses.[6] The evidence was sufficient.[7]

2. Lyons argues that the armed robbery acquittal and the aggravated assault conviction are mutually exclusive because in finding him guilty of robbery by intimidation as a lesser included offense of armed robbery,[8] "the jury found that a firearm was not used in the robbery"; such a finding, he urges, excludes a finding of guilt on the aggravated assault charge. To the extent that Lyons contends the verdicts are inconsistent, the argument is without merit because the Supreme Court of Georgia has abolished the inconsistent verdict rule.[9] To the extent that Lyons contends that the verdicts are mutually exclusive, the argument is also without merit.

Verdicts are mutually exclusive where a guilty verdict on one count logically excludes a finding of guilty on the other.[10] Convictions for both robbery by intimidation and aggravated assault do not exclude each other where the offenses underlying the convictions can be reconciled by looking to either the legal requirements for each offense or to the unique facts adduced at trial.[11] In this case, the convictions at issue can be reconciled by either method.

As to the legal requirements, the verdicts are not mutually exclusive. Contrary to Lyons' argument, robbery by intimidation can occur even where a weapon is involved.[12] Thus, the fact that the jury found Lyons guilty of robbery by intimidation as a lesser included offense of armed robbery does not mean the jury found that no weapon was used.

Nor do the facts of this case make the verdicts mutually exclusive. The rule against mutually exclusive verdicts applies only where the convictions result from the same act involving the same victim at the same instant.[13] Here, the acts were not committed at the same instant. As discussed above, the offense of robbery by intimidation was shown with evidence that the men came in wearing law enforcement attire and displaying a gun, ordered Smith onto the

---

[6] *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000).

[7] See *Jones v. State*, 294 Ga. App. 564, 566 (1) (669 SE2d 505) (2008).

[8] OCGA § 16-8-41 (a) provides that armed robbery is committed when the accused, with intent to commit theft, takes property from another's person by use of an offensive weapon.

[9] *Taylor v. State*, 282 Ga. 502, 504 (4) (651 SE2d 715) (2007).

[10] See *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003).

[11] Id. at 411 (2); *Louis v. State*, 290 Ga. App. 106, 110 (2) (658 SE2d 897) (2008).

[12] See, e.g., *Lancaster v. State*, 281 Ga. App. 752, 754 (1) (637 SE2d 131) (2006); *Rivera v. State*, 279 Ga. App. 1, 3 (1) (630 SE2d 152) (2006).

[13] *Louis*, supra.

floor and took his money; the offense was also proven with evidence that Smith gave the men his motorcycle because they threatened to harm his family if he did not comply with their demand. On the other hand, the offense of aggravated assault was proven with evidence that Powers pointed a gun at Smith to force Smith to write a letter.[14] Under the circumstances, there was both an aggravated assault involving a gun, and a robbery by intimidation that may or may not have involved a gun. Therefore, the two guilty verdicts were not mutually exclusive.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED SEPTEMBER 28, 2009.

*Rodney E. Davis*, for appellant.
*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

---

[14] See generally *Moore v. State*, 285 Ga. 157 (1) (674 SE2d 315) (2009).