A10A1331. MARTINEZ v. THE STATE.

(699 SE2d 847)

MILLER, Chief Judge.

A jury convicted Rolon Martinez of two counts of armed robbery (OCGA § 16-8-41 (a)) and two counts of burglary (OCGA § 16-7-1 (a)). On appeal, Martinez challenges the sufficiency of the evidence as to only the second count of armed robbery, in effect, arguing that his accomplice took the cell phones at issue. Finding ample evidence supporting Martinez's conviction as a party to the crime, we affirm.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could

---

have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.

(Punctuation and footnote omitted.) *Lyons v. State*, 300 Ga. App. 254, 255 (1) (684 SE2d 388) (2009).

So viewed, the evidence shows that in the late afternoon of April 26, 2008, Linda Barriga returned to her apartment with her four-year-old son after visiting the child's father. Barriga dozed off while watching several kids' movies with her son only to be awakened by Martinez as he entered the apartment through her bedroom window armed with an object that appeared to be a handgun. Martinez ordered Barriga and her four-year-old son out of the bedroom and walked them to the dining room area. After doing so, Martinez went to the front door of the apartment and let in his accomplice, who then went into the bedroom of Barriga's roommate, Carla Reyes. Therein, the accomplice secured Reyes and took her to the others' location. Martinez and his accomplice then allowed Barriga to take her now sobbing four-year-old into her bedroom where she called 911.

While in the apartment, Martinez and his accomplice went room to room looking for valuables. As this was ongoing, Barriga observed Martinez's accomplice emerge from Reyes' bedroom with two cell phones which Barriga recognized as cell phones belonging to Reyes. Before leaving, Martinez took $55 from Barriga's purse.

In the meantime, the police arrived and, because he matched the reported description of one of the perpetrators, stopped Martinez as he was attempting to leave the apartment complex. Barriga later identified Martinez as such at a showup. In searching Martinez's vehicle incident to his arrest, the police found a replica of a small handgun which Martinez immediately denied owning and which bore a resemblance to that used in the armed robberies. In the search of Martinez's person, $55 was discovered in one of his pockets. Martinez's accomplice got away.

"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). While mere presence at the scene of the commission of a crime is insufficient to convict one as a party thereto (*Bogart v. State*, 158 Ga. App. 1, 2 (279 SE2d 229) (1981)), Martinez was an active participant in the armed robbery. After entering

Barriga's apartment through her bedroom window and ordering Barriga and her son to move to the dining room area at gunpoint, Martinez let his accomplice into the apartment through the front door and acted as an armed gunman throughout the encounter. He and his accomplice jointly ransacked each room of the apartment. As they did so, Barriga saw Martinez's accomplice come from Reyes' bedroom with two cell phones which she believed belonged to Reyes. And during his arrest, a replica handgun was seized in connection with a search of Martinez's vehicle. "Presence, companionship, and conduct before and after an offense is committed are circumstances from which participation in the criminal act may be inferred. [Cits.]" *Curinton v. State*, 283 Ga. 226, 228-229 (657 SE2d 824) (2008).

The evidence was sufficient to enable a rational trier of fact to find Martinez guilty beyond a reasonable doubt of the armed robbery of which he complains. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 4, 2010.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.