## A10A1427. SCOGGINS v. THE STATE.
(703 SE2d 356)

MILLER, Chief Judge.

Matthew A. Scoggins was convicted at a stipulated bench trial upon one count of driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)) and one count of driving under the influence of alcohol with an unlawful concentration of alcohol (OCGA § 40-6-391 (a) (5)). Upon entering its findings, the trial court merged the DUI per se offense with the DUI less safe offense, and found Scoggins guilty beyond a reasonable doubt of DUI less safe. On appeal, Scoggins challenges the sufficiency of the evidence, arguing (i) that the trial court erred in admitting the results of the State-administered breath test, and (ii) that such

results were inadmissible under the implied consent law because the arresting officer lacked probable cause to arrest him under the DUI statute, OCGA § 40-6-391. Discerning no error, we affirm.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.

(Punctuation and footnote omitted.) *Lyons v. State*, 300 Ga. App. 254, 255 (1) (684 SE2d 388) (2009).

So viewed, the evidence shows that Officer T. K. Heller of the Gwinnett County Police Department was dispatched to a county neighborhood upon reports that the driver of a silver Nissan Xterra was firing a weapon out the driver's side window of a moving vehicle. Upon reaching the neighborhood, Officer Heller observed a Nissan Xterra matching the description he had been given backing out of a driveway, prompting him to activate his blue lights and initiate a stop. After being brought to a stop, Scoggins exited his vehicle. Officer Heller ordered Scoggins to place his hands in the air and walk backward toward his patrol vehicle where he handcuffed Scoggins, heard him say "I'm not going to lie, it was me[,]" formally arrested him for the offense of illegal discharge of a firearm near a public street, and placed him in the rear seat of his patrol vehicle.

In the search of the vehicle that followed, Officer Heller found an alcoholic beverage in the front cup holder, a firearm under the driver's seat, and a shell casing on the ground between the driver's seat and the door. Asked if anybody else had been in the vehicle with him, Scoggins responded in the affirmative and stated that his passenger, Denver Gray, had gone into the nearby residence. Officer Heller then proceeded to the residence and interviewed Gray who told him that he and Scoggins had consumed two pitchers of beer earlier; that he had been Scoggins' passenger; and that Scoggins fired his gun from the Xterra as reported.

In other testimony, Officer Heller stated that Scoggins had bloodshot eyes, that he smelled of alcohol, and that he was very nervous. Given the foregoing and absent any field sobriety testing, Officer Heller concluded that Scoggins was under the influence of alcohol. Officer Heller then read Scoggins the implied consent

warning for persons over 21 years of age. Scoggins consented to a State-administered breath test and was transported to the county jail where such test was administered, the results of which were 0.167 and 0.168, respectively. In this regard, the breath test operator, Deputy Kevin Casal, testified that he had not retained the original or a copy of the intoxilyzer slip. In lieu thereof, he read the test results from the log book in which he had recorded the test results immediately after the test was concluded.

1. Scoggins contends that the trial court erred in admitting the results of the State-administered breath test as recorded in the log book for violation of the best evidence rule upon the State's failure to introduce the intoxilyzer slip in evidence. Finding waiver, we disagree.

Scoggins failed to object to the admission in evidence of the log book at the trial court's pretrial suppression hearing and at the stipulated bench trial. "To preserve an objection upon a specific ground for appeal, the objection on that specific ground must be made at trial, or else it is waived." (Footnote omitted.) *Mintz v. State*, 273 Ga. App. 211, 212 (615 SE2d 152) (2005). We will not reverse a trial court's decision to admit evidence unless the party objecting shows error triangulation, that is, "(1) error, (2) contemporaneous objection, and (3) harm as a result of the error." (Footnote omitted.) *Yang v. Washington*, 256 Ga. App. 239, 243 (2) (c) (568 SE2d 140) (2002). Inasmuch as Scoggins failed to preserve this objection by contemporaneous objection at trial, the issue is waived on appeal. *Holloway v. State*, 278 Ga. App. 709, 713 (4) (629 SE2d 447) (2006).

2. Scoggins claims that the results of the breath test were inadmissible because he was arrested for the offense of unlawfully discharging a firearm near a public street rather than upon acts constituting probable cause to arrest for an offense under the DUI statute. We are not persuaded.

This Court has held that bloodshot eyes and the odor of alcohol about one's person, if observed by a police officer, are sufficient to establish probable cause to arrest for driving under the influence. See *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) ("Even in the absence of the field sobriety tests, the officer's observation that Cann-Hanson had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence.") (citations omitted). In addition to such evidence in this case, there was evidence that Scoggins discharged a firearm from a moving vehicle; that he and his passenger had been drinking before the stop; an open container was found in the car; a gun was discovered under the driver's seat; and a spent cartridge was found on the ground just beyond the driver's seat. Given the foregoing, we conclude that Officer Heller had

probable cause to arrest Scoggins for the offense of DUI less safe. Id. Consequently, Scoggins was properly informed of his implied consent rights. Further, "[t]he coincidence of probable cause to arrest [Scoggins] for a violation of the DUI statute and [Scoggins'] actual arrest meant that [Scoggins] was, as a matter of law, arrested for an offense arising out of acts alleged to have been committed in violation of the DUI statute." (Punctuation and footnote omitted.) *State v. Underwood*, 283 Ga. 498, 501 (661 SE2d 529) (2008).

Given the foregoing, we conclude that the factfinder could have found Scoggins guilty beyond a reasonable doubt of the offense of DUI less safe.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 2010.

*Ramon Alvarado, Kavan S. Grover*, for appellant.
*Barry E. Morgan, Solicitor-General, Erica K. Dove, Assistant Solicitor-General*, for appellee.