## A11A0975. BREWER v. THE STATE.

(718 SE2d 612)

DOYLE, Judge.

After a trial, a Barrow County Superior Court found David Brewer guilty of possession of a firearm during the commission of a crime[1] and criminal damage to property.[2] Brewer appeals, arguing that the trial court erred by admitting statements he made to officers because they were not voluntarily made. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[3] Brewer drove Linton "Quintez" Rhodes and Robert Ellington to the home of a woman whom Rhodes was dating after Rhodes had a telephonic altercation with the woman's brother. When the three arrived at her home, Ellington fired six or seven gunshots at the home and the brother's vehicle, resulting in damage to the house and the car. At the time of the shooting, the woman, her brother, her sister, another adult male, and a small child were in the home, and the three siblings were awake and frightened by the shots. Shell casings from a Winchester rifle were found at the scene; a rifle matching the shell casings was recovered from Ellington's home.

The woman called the police, giving them Rhodes's information and discussing the prior altercation; after investigating the scene, officers interviewed Rhodes, who implicated Brewer and Ellington. Brewer made a statement to investigators that he drove the car during the event, and his statement was introduced at trial.

Brewer was charged with five counts of aggravated assault, one count of criminal damage to property in the first degree, and four counts of possession of a weapon during the commission of a crime. The jury acquitted Brewer of all five counts of aggravated assault, but convicted him of criminal damage to property in the first degree and two counts of possession of a firearm during the commission of a crime. The trial court set aside one of the guilty verdicts for possession of a firearm during the commission of a crime because the jury had acquitted Brewer of the underlying crime of aggravated assault; the court also directed not guilty verdicts as to the remaining two counts of possession of a weapon during the commission of a crime. Thereafter, Brewer filed a motion for new trial, waiving his right to a hearing, and the trial court denied the motion without explanation.

Brewer contends that the trial court erred by denying his motion

---

[1] OCGA § 16-11-106 (b) (1).

[2] OCGA § 16-7-22 (a) (1).

[3] See *Reid v. State*, 281 Ga. App. 640, 641 (637 SE2d 62) (2006).

to suppress his statements to police because he did not make a knowing and voluntary waiver of his constitutional right against self-incrimination.

Before trial, the court conducted a *Jackson-Denno*[4] hearing and listened to the audio of the interview and reviewed Brewer's waiver-of-rights form. Following the hearing, the trial court denied Brewer's motion to suppress the statements, finding that his statements "were made freely and voluntarily without the slightest hope of benefit or remotest fear of injury" and permitted them to be introduced into evidence.

> Under Georgia law, only voluntary incriminating state-ments are admissible against the accused at trial. When not made freely and voluntarily, a confession is presumed to be legally false and cannot be the underlying basis of a convic-tion. To make a confession admissible, it must have been made voluntarily, i.e., without being induced by another by the slightest hope of benefit or remotest fear of injury. The State bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence[, and u]nless clearly erroneous, a trial court's factual and cred-ibility determinations related to the admissibility of a confession will be upheld on appeal.[5]

At the hearing, Investigator Faynette Spaulding testified that after Rhodes disclosed Brewer's involvement in the events, she called Brewer and told him she wanted to speak to him about the case. Brewer, who was 21 years old at the time and had completed the ninth grade, drove to the police station, where Spaulding *Miran-dized*[6] him and presented him with a waiver-of-rights form, which he read and signed. Although the form did not contain a list of potential charges at that time, Spaulding testified at the hearing that there were no charges pending against Brewer, but she explained that she wanted to discuss the shooting incident with him prior to question-ing him.

While Brewer contends that Spaulding failed to disclose on his waiver form the potential charges he faced, this Court has previously explained that "a law enforcement officer's failure to advise a suspect as to the crimes about which he is to be questioned prior to the suspect's waiver of his *Miranda* rights is not relevant to the

---

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[5] (Citations and punctuation omitted.) *Swain v. State*, 285 Ga. App. 550, 551 (647 SE2d 88) (2007).

[6] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

question of whether the suspect's waiver was knowing and voluntary."[7] Brewer also argues that his statements to Investigator Spaulding indicated that he believed he would be arrested if he did not answer her questions. Pretermitting whether this argument is supported factually, this Court previously has held that "the fact that he was told he would be arrested if he refused to talk to the police officers does not amount to coercion making his statements inadmissible. Such statements are in the nature of a mere truism [and] simply made [Brewer] aware of potential legal consequences."[8]

Here, Investigator Spaulding testified that she was investigating the shooting incident, but that Brewer was free to leave; that Brewer did not appear to be under the influence of drugs or alcohol; that Brewer read the waiver-of-rights form aloud prior to being questioned; that Brewer understood his rights; that Brewer signed the waiver-of-rights form; that Brewer did not desire an attorney; that Brewer did not invoke his right to remain silent; and that no one threatened or promised Brewer anything in exchange for his statement. In light of this testimony, the trial court did not clearly err by finding that Brewer knowingly and voluntarily waived his *Miranda* rights and that his statement about the incident was voluntarily given to investigators.[9]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 4, 2011.

*Mary Erickson*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[7] (Punctuation omitted.) *Rivera v. State*, 279 Ga. App. 1, 4 (2) (630 SE2d 152) (2006).
[8] (Punctuation omitted.) *Rollinson v. State*, 276 Ga. App. 375, 379 (1) (d) (623 SE2d 211) (2005).
[9] See, e.g., *Rivera*, 279 Ga. App. at 3-4 (2); *Rollinson*, 276 Ga. App. at 379-380 (1) (d).
[1] OCGA § 40-6-181.
[2] OCGA § 40-5-20 (a).