## A03A1273. CARRELL v. THE STATE.

(583 SE2d 167)

BLACKBURN, Presiding Judge.

Following a jury trial, Craig Avery Carrell appeals his convictions for aggravated assault, driving under the influence, fleeing and attempting to elude, reckless driving, exceeding the maximum speed limit, and reckless conduct. Carrell contends that the trial court erred in (1) allowing mutually exclusive verdicts for aggravated assault and reckless driving, and (2) failing to merge the reckless driving, speeding, and reckless conduct convictions. For the reasons set forth below, we affirm the convictions but vacate the sentence and remand for resentencing.

The record shows that, in the early morning hours of January 4, 1998, Officer Daniel Pollock of the Georgia State Patrol received a dispatch call advising him to be on the lookout for a white Chevrolet Corvette driven by Carrell. After spotting Carrell, Pollock turned on his blue light and siren and gave chase. Carrell was traveling at speeds between 120 and 130 mph and crossing over the centerline to take the curves. At first, Pollock was unable to catch up to Carrell; when he did start to gain ground, Carrell suddenly braked, turned around, and headed back past Pollock with his headlights off. Pollock, too, turned around and resumed the chase. When Pollock once again came up behind Carrell, Carrell again braked, turned around, and headed back up the road.

The chase continued, with Carrell driving in a reckless fashion, speeding, and turning his headlights on and off. At one point, Carrell's headlights went off and Pollock thought Carrell had run off the road, but seconds later the headlights came back on, revealing that Carrell had turned around, moved over into Pollock's lane, and was headed straight at Pollock. Pollock left the roadway to avoid a collision.

Carrell continued his maneuvers, trying on at least two other occasions to collide with Pollock. At one point, Pollock lost sight of Carrell. Searching for Carrell, Pollock drove down a dead-end road. At the end of the road, he found Carrell's automobile facing him. As he was attempting to call the patrol station, Carrell turned on his headlights and raced directly at Pollock. Pollock again avoided a collision by driving off the roadway.

The chase resumed, and for the second time, Pollock lost contact with Carrell. Later, he noticed the Corvette in the distance, off the road, and apparently stuck in a ditch. When he approached, the doors flew open and Carrell and his passenger fled on foot. Pollock apprehended both men after a foot chase.

1. In his first enumeration of error, Carrell contends that the trial court erred in allowing mutually exclusive verdicts for aggra-

vated assault and reckless driving. Carrell points out that he was charged in Count 1 with aggravated assault upon Pollock, "said assault being with a motor vehicle, a deadly weapon in the way and manner used by attempting to ram said officer's patrol car." In Count 4, Carrell was charged with reckless driving in that he "did unlawfully drive a motor vehicle in a reckless manner to wit: traveling at a high rate of speed, crossing the centerline, and driving at night without his headlights on, in a reckless disregard of the safety of person and property." Assuming that the act of "attempting to ram" alleged in Count 1 is identical to "crossing the centerline" in Count 4, Carrell argues that the same conduct, i.e., crossing the centerline, forms the basis for both the aggravated assault charge and the reckless driving charge. Carrell further reasons that since aggravated assault is a crime requiring proof of specific intent, the jury must have found that Carrell crossed the centerline intentionally. But, in finding him guilty of reckless driving, a crime which requires an act of criminal negligence rather than an intentional act, the jury found the same conduct merely negligent. Therefore, Carrell concludes, the verdicts are mutually exclusive since if he was merely negligent in driving toward the officer, he should not have been convicted of aggravated assault, and if he intended to assault the officer, the same conduct should not have been used to convict him for negligent conduct in driving recklessly. We find no merit to this argument.

First, there is no basis for assuming that the act of "attempting to ram" alleged in Count 1 is identical to "crossing the centerline" in Count 4. Officer Pollock specifically testified that Carrell crossed the centerline numerous times to take the curves in the road.

Second, the indictment alleges that Carrell drove recklessly because he traveled at an excessive rate of speed, crossed the centerline, and drove at night without headlights.

> When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.

*Mahone v. State*.[1] Since the jury's verdict could have been based on any of the acts alleged in the indictment, there is no support for Carrell's contention that the aggravated assault and reckless driving

---

[1] *Mahone v. State*, 247 Ga. App. 596, 598 (1) (544 SE2d 514) (2001).

convictions were based on the same conduct, even if we assume that "attempting to ram" and "crossing the centerline" were identical acts.

2. Carrell next maintains that the trial court erred in failing to merge his convictions for reckless driving, speeding, and reckless conduct. We agree.

"One crime is included in another as a matter of fact if it is established by proof of the same or less than all of the facts used to prove the other. OCGA § 16-1-6 (1). A defendant may be tried for both offenses under such circumstances, but may not be convicted of both. OCGA § 16-1-7 (a) (1)." *Kinney v. State*.[2]

Count 4 of the indictment charges Carrell with reckless driving in that he traveled at a high rate of speed, crossed the centerline, and drove at night without headlights. These acts are acts of criminal negligence involving " 'reckless and wanton negligence . . . of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby,' " *Keye v. State*,[3] rather than culpable acts of criminal intent.

Count 8 charges Carrell with reckless conduct, alleging that he drove at a high rate of speed, attempted to ram other cars, and drove at night without headlights. Driving at a high rate of speed and driving without headlights are acts which manifest criminal negligence, and are properly included in a charge of reckless conduct since "[t]he crime of reckless conduct is, in essence, an instance of criminal negligence, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another." (Punctuation and emphasis omitted.) *Waugh v. State*.[4]

The act of attempting to ram other cars is, however, an intentional act as opposed to an act of criminal negligence. Attempting to ram other cars is, therefore, not evidence of reckless conduct and should not have been set forth in the indictment as one of the acts constituting reckless conduct. The question is whether the presence of this allegation in the reckless conduct indictment caused harm to Carrell.

We note that the trial court, in charging the jury on reckless conduct, charged only the language of the reckless conduct statute, OCGA § 16-5-60 (b), and made no reference to intentional acts. The trial court did not tie the intentional act of attempting to ram other cars specifically to reckless conduct or lead the jury to believe that it could convict Carrell of reckless conduct based on that act. And, as explained in the previous Division, since the indictment charged that the crime was committed in more than one way and the jury's verdict

---

[2] *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998).
[3] *Keye v. State*, 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975).
[4] *Waugh v. State*, 263 Ga. 692, 693 (5) (437 SE2d 297) (1993).

could have been based on any of the acts alleged in the indictment, there is no basis for concluding that the reckless conduct conviction was based on the act of attempting to ram other cars. Under these circumstances, we find that the reference to the attempted ramming of other cars in the indictment is "an unnecessary description of an unnecessary fact, which need not be proved, because the State was not required to prove [that he attempted to ram other cars] in order to convict appellant of [reckless conduct]." *Freeman v. State.*[5] Thus, after disregarding the allegation of ramming other cars as mere surplusage in Count 8, id., it is clear that the two acts alleged in Count 8 as constituting reckless conduct, i.e., driving at a high rate of speed and driving without headlights, are among the acts charged in Count 4 as constituting reckless driving. Since Carrell's conviction for reckless conduct was proved by less than all of the facts used to prove him guilty of reckless driving, and since under such circumstances he may not be convicted of both offenses, his conviction on Count 8 must merge into Count 4.

It is also apparent that Carrell's speeding conviction, Count 6, likewise must be merged into Count 4. Speeding is alleged in the indictment as an element of both reckless driving and reckless conduct. Accordingly, while we affirm Carrell's convictions, we must vacate the sentence and remand the case to the trial court for resentencing consistent with this opinion.

*Judgment affirmed. Sentence vacated and case remanded. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 4, 2003.

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.

---

[5] *Freeman v. State*, 201 Ga. App. 216, 217 (2) (410 SE2d 749) (1991).