## S06A0090. MILLS v. THE STATE.
(626 SE2d 495)

THOMPSON, Justice.

Kenneth Augustus Mills, Jr. was convicted by a jury of felony murder, vehicular homicide, aggravated assault (five counts), and failure to stop and render aid after Mills intentionally drove his truck into another vehicle causing the other vehicle to roll over, killing the driver and injuring four passengers.[1] On appeal, Mills asserts that the evidence was insufficient to support the verdicts and that the verdicts for vehicular homicide and felony murder are mutually exclusive and cannot stand. Finding no merit to these assertions, we affirm.

---

[1] The crimes occurred on August 12, 2001. An indictment was returned on December 5, 2001, charging Mills with felony murder predicated on aggravated assault with a motor vehicle, vehicular homicide, aggravated assault (five counts), and failure to stop or return to the scene of an accident. Trial commenced on April 15, 2002, and on April 16, 2002, Mills was found guilty of all charged offenses. The trial judge merged the vehicular homicide and aggravated assault count related to the murder victim into the felony murder count. Mills was sentenced on April 18, 2002 to life in prison for felony murder, ten-year concurrent sentences for four aggravated assault counts, and five concurrent years for failure to stop and render aid. A motion for new trial was filed on April 22, 2002, and was denied on July 25, 2005. A timely notice of appeal was filed. The case was docketed in this Court on September 14, 2005, and was submitted for a decision on briefs on November 7, 2005.

Christopher Robertson was driving his pick-up truck in the inside left lane next to the median on Interstate 85 in Jackson County. His wife and three children were passengers in the vehicle; they were on their way to North Carolina where their eldest child was about to begin college. According to the testimony of two members of the Robertson family, two eyewitnesses in another vehicle, and an expert in the field of accident reconstruction, a white van, driven by Mills, came into Mr. Robertson's lane, forcing his vehicle off the interstate. To avoid contact with the van, Mr. Robertson rode off the road into the median, traveled on the gravel in the median for about a quarter of a mile, and then maneuvered his vehicle back into the left lane of the interstate. The white van, which was in the right lane, suddenly pulled up alongside the Robertsons' vehicle and once again forced it off the road and into the median. When Mr. Robertson attempted to speed up or slow down to get back into the lane, Mills would do the same, preventing Mr. Robertson from returning to the interstate. After about one-half mile, guard rails in the median blocked the path of Mr. Robertson's truck. Mr. Robertson, however, was able to get back onto the interstate in front of or to the side of the van. Mills then rammed his van into the back right tire or fender of Mr. Robertson's truck, causing it to turn horizontal to the roadway. Mills never applied his brakes but instead continued to "T-bone" the truck, pushing it along the interstate. The truck began to fishtail and spin out of control, flipping over five times before coming to rest on the right shoulder. Mills left the scene. Mr. Robertson died in the collision and his four family members were injured.

1. Mills submits that the evidence is insufficient to support the conviction for felony murder because the fatal collision resulted from Mr. Robertson's reentry into the path of Mills' van, and not from an act of Mills. Thus, he argues that his conduct was not the direct cause of the accident, as required under the felony murder statute. See, e.g., *Hyman v. State*, 272 Ga. 492, 493 (1) (531 SE2d 708) (2000) ("strict construction of the statute is necessary, requiring that the death 'be caused directly by one of the parties to the underlying felony' ").

The testimony was uncontroverted that Mr. Robertson safely reentered the highway without colliding with Mills and then Mills abruptly changed lanes, rammed into the rear of Mr. Robertson's vehicle, and pushed Mr. Robertson's truck along the interstate without applying his brakes. It was this act that formed the basis for the felony murder conviction.

The evidence, which showed that Mills directly caused the collision and the death, was sufficient for a rational trier of fact to have found him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing *Flores v. State*, 277 Ga. 780 (596 SE2d 114) (2004) and *Jackson v. State*, 276 Ga. 408 (2) (577 SE2d 570) (2003), Mills asserts that his convictions for felony murder and vehicular homicide are mutually exclusive in that the jury found that he acted both with intent and with criminal negligence with respect to the same act.

"Mutually exclusive verdicts, which cannot both stand, result in two positive findings of fact which cannot logically mutually exist." *Jackson*, supra at 410, fn. 3. The indictment against Mills charged that he committed felony murder and the underlying aggravated assault by "driving [his] motor vehicle at Chris Robertson."[2] The count charging homicide by vehicle in the first degree specified that Mills caused the death of Chris Robertson "in that said accused drove his motor vehicle in reckless disregard for the safety of persons or property, by intentionally changing lanes when it was not safe to do so." In *Jackson*, supra at 411, we explained that an aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (1) (intent to commit injury) "cannot be committed by criminal negligence . . . [because] [p]roof of criminal intent is essential for a conviction of an (a) (1) assault. Reckless conduct, on the other hand, is an act of criminal negligence." (Citation and punctuation omitted.) Because a guilty verdict under (a) (1) requires a finding of intentional infliction of injury, which precludes the element of reckless conduct, "the requisite mental states for these two offenses cannot logically and legally co-exist." Id. at 412. See also *Dumas v. State*, 266 Ga. 797, 800 (471 SE2d 508) (1996) (verdicts are mutually exclusive where it is "both legally and logically impossible to convict [defendant] of both counts").

But the rule against mutually exclusive verdicts was applied in *Jackson* because the convictions for (a) (1) aggravated assault and involuntary manslaughter predicated on reckless conduct resulted from acts on "the same victim at the same instance of time." *Jackson*, supra at 412. In contrast, "convictions for both felony murder and involuntary manslaughter do not exclude each other in those situations where the offenses underlying the convictions can be reconciled by looking to either the legal requirements for each underlying offense or to the unique facts adduced at trial." Id. at 411. In the present case, the crimes of felony murder and vehicular homicide in the first degree were based on separate and distinct underlying actions, i.e., driving at Mr. Robertson's vehicle and changing lanes when it was not safe to do so. See *Carrell v. State*, 261 Ga. App. 485 (1) (583 SE2d 167) (2003) (convictions for aggravated assault and

---

[2] The jury was charged only with respect to OCGA § 16-5-20 (a) (1) of the aggravated assault statute – an intentional attempt to injure.

reckless driving not mutually exclusive where the counts were based on two separate acts — attempting to ram an officer's vehicle and crossing the centerline). Compare *Flores*, supra at 785 (defendant "acted with both criminal intent and criminal negligence in the same fatal conduct of pointing [a] pellet gun at [the victim] and firing"); *Reddick v. State*, 264 Ga. App. 487 (4) (591 SE2d 392) (2003) (convictions for an (a) (1) aggravated assault and reckless conduct with respect to the same act of shooting a single victim are mutually exclusive).

Because Mills' convictions were predicated on separate criminal conduct, it was neither legally nor logically impossible to convict him of both offenses.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

*Donna A. Seagraves*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.