## A08A0552. DRYDEN v. THE STATE.
### (665 SE2d 341)

MILLER, Judge.

A jury convicted Chanju Dryden of aggravated assault on a peace officer (OCGA § 16-5-21 (c)); serious injury by vehicle based upon reckless driving (OCGA §§ 40-6-394; 40-6-390);[1] and obstruction of an officer (OCGA § 40-6-395 (a)).[2] He was sentenced as a recidivist to 31 years in confinement, 18 years to serve, and the remainder probated. Dryden appeals, contending that the trial court erred in accepting the jury's verdicts of guilty as to aggravated assault on a peace officer and serious injury by vehicle (reckless driving), such verdicts as mutually exclusive. Further, he contends that the trial court erred (i) in failing to instruct the jury that it could convict of only one of two mutually exclusive charges, (ii) in allowing the prosecutor's closing argument insofar as the prosecutor asserted that "no intent is required to prove aggravated assault," (iii) in restricting the deliberation time of the jury, (iv) in denying his *Batson* motion, (v) in admitting evidence of similar transactions, (vi) in failing to retain for the record its written charge given to the jury, and (vii) in denying his motion for new trial challenging the effectiveness of counsel. Discerning no error, we affirm.

We apply a plain legal error standard of review to a trial court's rulings on questions of law. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Viewed in the light most favorable to the verdict (*Knox v. State*, 290 Ga. App. 49 (658 SE2d 819) (2008)), the evidence shows that on January 18, 2006, Dryden was the subject of a controlled drug buy at a Hall County gas station. As he began to drive away from the scene, police in two vehicles attempted to block in Dryden's vehicle from the front and rear, and several of the police officers exited their vehicles. Dryden accelerated in reverse, crashing into one of the vehicles while the officer who drove it was still behind the wheel. Contemporaneously, a third police vehicle attempted to block Dryden's vehicle. Dryden, however, drove his vehicle into the same, pinning one of the officers who was on foot between the two vehicles, crushing his left leg — this despite the fact that the officer had drawn his service pistol, and with eye-to-eye contact, pointed it at Dryden and ordered him to stop. Dryden eventually moved the third police vehicle aside and sped away from the parking lot.

---

[1] The trial court court merged Dryden's conviction of reckless driving with his conviction of serious injury by vehicle.

[2] Dryden pled guilty to possession of marijuana with the intent to distribute (OCGA § 16-13-30 (b)), abandonment of a controlled substance (OCGA § 16-13-3), and running a stop sign (OCGA § 40-6-72 (b)).

In the pursuit that followed, Dryden ran several stop signs and had his passenger toss a bag of marijuana out the window. Dryden thereafter abandoned his vehicle and fled on foot. He was later located hiding in the closet of a nearby residence and taken into custody.

1. Dryden contends that Counts 2 and 3 of the indictment, aggravated assault on a peace officer and serious injury by vehicle (reckless driving), respectively, were mutually exclusive, foreclosing his conviction on both counts. We disagree.

"Mutually exclusive verdicts, which cannot both stand, result in two positive findings of fact which cannot logically mutually exist." (Citation omitted.) *Jackson v. State*, 276 Ga. 408, 410, n. 3 (577 SE2d 570) (2003). Such verdicts, however, do not result in those situations "where the offenses underlying the convictions can be reconciled by looking to either the legal requirements for each underlying offense or to the unique facts adduced at trial. [Cit.]" (Punctuation omitted.) *Mills v. State*, 280 Ga. 232, 234 (2) (626 SE2d 495) (2006).

The evidence shows that the offense of aggravated assault upon a peace officer was complete when Dryden turned his vehicle toward the officer he injured, causing the officer, who reasonably apprehended receiving a violent bodily injury, to ready his weapon to fire at him. OCGA § 16-5-21 (a) (2), (c). The offense of serious injury by vehicle (reckless driving) was complete upon Dryden's efforts to break away from the officers who blocked his egress from the parking lot after injuring his victim and fleeing the scene at a high rate of speed. OCGA §§ 40-6-394; 40-6-390. Where an assault requiring mens rea and a charge of injury by vehicle requiring proof of criminal negligence, as here (*Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003)), are based on separate and distinct underlying actions, the verdicts are not mutually exclusive, even if both involve driving the same vehicle and injury to the same victim. *Mills*, supra, 280 Ga. at 234-235 (2).

Because Dryden's convictions were predicated on separate criminal conduct, it was neither legally nor logically impossible to convict him of aggravated assault on a peace officer and serious injury by vehicle (reckless driving), and the trial court did not err in entering judgments of conviction upon the jury's verdicts thereon. Given the foregoing, we need not address Dryden's claim that the trial court erred in failing to instruct the jury that it could convict of only one of two mutually exclusive offenses.

2. Dryden contends that the trial court erred in failing to sustain his objection to the closing argument of the prosecutor insofar as the prosecutor asserted that aggravated assault on a peace officer requires no showing of an intent to injure the officer. To the contrary, the prosecutor correctly argued that Dryden had the requisite intent

to harm his victim by pointing to his actions which put the officer in fear of violent bodily injury. In particular, the prosecutor pointed to the evidence showing that the officer victim, with eye-to-eye contact, raised his gun and readied it to fire as Dryden turned his vehicle toward him. "Aggravated assault, which contains the elements of simple assault, requires an intent to injure. [Cit.]" *Dupree v. State*, 267 Ga. App. 561, 562 (1) (600 SE2d 654) (2004); see also OCGA § 16-5-20 (a) ("A person commits the offense of simple assault when he or she either . . . [a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."). The instant claim of error, therefore, is without merit.

3. Nor is there merit in Dryden's claim that the trial court limited the jury's deliberation to 20 minutes. The record shows that the jury requested additional time to deliberate after being advised that it was the trial court's intention to release it for the evening. In light of the jury's request, and without objection, the trial court allowed the jury 20 additional minutes to deliberate, during which time the jury announced its verdict. Given Dryden's failure to object, this issue is waived on appeal. *Hodge v. Lott*, 251 Ga. App. 288, 290 (1) (553 SE2d 652) (2001). Even if Dryden had objected, there clearly is no abuse of discretion and thus no error in any event. See *Dean v. State*, 205 Ga. App. 512, 513 (422 SE2d 569) (1992) ("The jurors could not have reasonably failed to recognize that the trial court had offered them the option of recessing and reconvening the following day if they did not complete their deliberations by the end of the [additional minutes the Court authorized].").

4. Further, Dryden contends that the trial court erred in denying his *Batson*[3] challenge to the State's exercise of a peremptory strike to excuse an African-American juror. Because Dryden failed to meet his burden to show that the juror's excusal was for a racially discriminatory purpose, no *Batson* error resulted.

> The United States Supreme Court in *Purkett v. Elem*[, 514 U. S. 765, 767-769 (115 SC 1769, 131 LE2d 834) (1995),] established a three-step test for evaluating challenges to peremptory strikes on *Batson* grounds. First, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination. Second, the burden of production then shifts to the proponent of the strike to give a race-neutral reason for the strike. Third, after hearing from the opponent of the strike and considering the totality of the

---

[3] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

circumstances, the trial court then decides whether the opponent of the strike carried his burden of proving discriminatory intent in fact motivated the strike.

*Freeman v. State*, 253 Ga. App. 401, 402 (1) (559 SE2d 146) (2002).

Here, assuming arguendo that Dryden established a prima facie showing of racial discrimination, Dryden failed to come forward with evidence showing that the State exercised the strike complained of for other than racially neutral reasons. Specifically, the State explained that it struck the juror at issue because she was about Dryden's age; she was quiet; she had not answered any questions; and it "struck other [similarly reticent] jurors. . . ." A peremptory strike exercised on the basis that a juror's age is close to that of the defendant is racially neutral. *Ware v. State*, 191 Ga. App. 896 (1) (383 SE2d 368) (1989). Reticence in a juror is not otherwise, and Dryden offered no rebuttal to the State's explanation. Id. Accordingly, we find that the trial court's denial of Dryden's *Batson* motion was not erroneous and must be affirmed.

5. Dryden also contends that the trial court erred in admitting evidence of similar transactions. However, given his failure to support such claim of error by reference to the record, he has abandoned the same on appeal. See Court of Appeals Rule 25 (c) (2) (i) ("In the absence of such reference, [this] Court will not search for or consider such enumeration.").

Even were it otherwise, the record shows that the State introduced three prior crimes of obstruction of an officer for the purpose of showing bent of mind and course of conduct, each as involving efforts to run from police attempting to make an arrest. Such crimes were relevant as similar transactions evidence as to the instant charge of aggravated assault on a peace officer (*Mills v. State*, 273 Ga. App. 699, 702 (3) (615 SE2d 824) (2005)), and the trial court admitted them upon a proper limiting instruction. Thus, no error resulted in any event.

6. Dryden contends that the trial court erred in failing to retain for the record its written jury charge, which the court provided to the jury for use during deliberations. Dryden, however, did not move that such charge to the jury be made a part of the record.

Evidence never actually admitted at trial cannot properly become part of the record on appeal pursuant to OCGA § 5-6-41 (f). That section is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supplying fatal deficiencies after the fact.

(Citations and punctuation omitted.) *Carr v. State*, 267 Ga. 547, 550 (2) (480 SE2d 583) (1997).

Even were there error in the trial court as Dryden asserts, we find no harm because the jury instruction, as given to the jury, is a part of the transcript. In order to warrant reversal, Dryden was required to show harm as well as error. This he failed to do. See *Williams v. State*, 256 Ga. App. 249, 251 (1) (568 SE2d 132) (2002) ("Error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error.") (citations and punctuation omitted).

7. Dryden challenges the effectiveness of counsel, arguing that trial counsel failed to object to the admission of the similar transaction evidence and the form of the jury's verdict insofar as it reflected his conviction upon mutually exclusive offenses.

To prove ineffective assistance of trial counsel, a defendant must show both that trial counsel was deficient and that he was prejudiced by the deficiency. *Range v. State*, 289 Ga. App. 727, 730 (4) (658 SE2d 245) (2008). We will uphold the trial court's determination as to the effectiveness of counsel unless it is clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

We have held that the trial court neither erred in admitting the similar transaction evidence nor in accepting convictions of mutually exclusive verdicts. Accordingly, this claim of error is also meritless. See *Bogan v. State*, 255 Ga. App. 413, 415 (3) (a) (565 SE2d 588) (2002) ("Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance.") (citations and punctuation omitted).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 5, 2008 —
RECONSIDERATION DENIED JULY 7, 2008 —

*Troy R. Millikan*, for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Alison W. Toller, Assistant District Attorneys*, for appellee.