S08G1897. DRYDEN v. THE STATE.
(676 SE2d 175)

HINES, Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Dryden v. State*, 292 Ga. App. 467 (665 SE2d 341) (2008), to review that Court's ruling that Chanju Dryden could be convicted and sentenced for both aggravated assault on a peace officer and serious injury by vehicle based upon reckless driving. Finding that the verdicts of guilt for the two crimes must be determined mutually exclusive in this case, we reverse.

During a controlled drug buy, Dryden sold illegal drugs in his car outside a gas station. As Dryden began to drive away from the scene, law enforcement officers attempted to block Dryden's car with their vehicles; Mark Thomason of the Hall County Sheriff's Department exited his vehicle, pointed his pistol at Dryden, and approached the left front side of Dryden's car. Thomason commanded Dryden to stop and made eye contact with him; Dryden drove his car forward in a turning motion while Thomason attempted to come around the left front corner of Dryden's car to the driver's door. Dryden's maneuver forced Thomason's left leg against another vehicle, severely injuring Thomason. Dryden continued his turn and escaped the crime scene in his car, but was later apprehended. He was convicted and sentenced, inter alia, for aggravated assault on a law enforcement officer, OCGA § 16-5-21 (c), and serious injury by vehicle through the crime of reckless driving, OCGA §§ 40-6-390; 40-6-394. Thomason was the named victim of each crime. Dryden appealed, asserting that the verdicts were mutually exclusive, and the Court of Appeals affirmed the trial court, finding that the two convictions were based

on separate conduct. *Dryden*, supra at 468 (1).

"Verdicts are mutually exclusive 'where a guilty verdict on one count logically excludes a finding of guilt on the other. (Cits.)' [Cit.]" *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). In *Jackson*, this Court dealt with the criminal intent of a defendant who had been convicted of both felony murder while in the commission of aggravated assault, and involuntary manslaughter predicated on reckless conduct. Reckless conduct, OCGA § 16-5-60 (b), like reckless driving, OCGA § 40-6-390, is a crime founded upon an act of criminal negligence, rather than an intentional act. See *Jackson*, supra at 411 (2); *Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003). Aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2),[1] may be committed either by "[a]ttempt[ing] to commit a violent injury to the person of another," OCGA § 16-5-20 (a) (1), or by "[c]ommit[ing] an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). "[A] verdict of guilty as to aggravated assault based on OCGA § 16-5-20 (a) (1) requires a finding of an intentional infliction of injury, which *precludes* the element of criminal negligence in reckless conduct. [Cits.]" *Jackson*, supra at 412 (2). A verdict of guilt predicated on OCGA § 16-5-20 (a) (2) does not. Id. at 412, n. 5. Accordingly, a verdict of guilt as to aggravated assault is mutually exclusive with a verdict of guilt as to serious injury by vehicle predicated on reckless driving, if the aggravated assault is based on "[a]ttempt[ing] to commit a violent injury to the person of another" under OCGA § 16-5-20 (a) (1).

The State asks that this Court analyze the case as though the jury found that Dryden committed aggravated assault on Thomason through the commission of OCGA § 16-5-20 (a) (2); i.e., when Dryden steered his vehicle toward Thomason, he caused Thomason to reasonably apprehend receiving a violent injury, and the aggravated assault was thus complete at this time, and the jury was then free to find an additional fact pattern to support a finding of guilt on

---

[1] OCGA § 16-5-21 reads, in relevant part:
(a) A person commits the offense of aggravated assault when he or she assaults:

. . .

(2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;

. . .

(c) A person who knowingly commits the offense of aggravated assault upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties shall, upon conviction thereof, be punished by imprisonment for not less than five nor more than 20 years. . . .

the crime of serious injury by vehicle. This is the argument that the Court of Appeals accepted, ruling that

> [t]he evidence shows that the offense of aggravated assault upon a peace officer was complete when Dryden turned his vehicle toward the officer he injured, causing the officer, who reasonably apprehended receiving a violent bodily injury, to ready his weapon to fire at him. OCGA § 16-5-21 (a) (2), (c). The offense of serious injury by vehicle (reckless driving) was complete upon Dryden's efforts to break away from the officers who blocked his egress from the parking lot after injuring his victim and fleeing the scene at a high rate of speed.

*Dryden*, supra at 468.[2] But, the argument is flawed.

Dryden was charged with aggravated assault on a police officer in that he made

> an assault upon the person of Agent Mark Thomason of the Multi-Agency Narcotics Squad, knowing said agent was a police officer engaged in the performance of his official duties, said assault being with a motor vehicle, an object which, when used offensively against a person, is likely to and actually does result in serious bodily injury, said assault resulting in striking said agent with said motor vehicle . . . .

Not only did the State indict Dryden without specifying which prong of OCGA § 16-5-20 (a) applied, the trial court instructed the jury that aggravated assault with a deadly weapon could be committed either by attempting to commit a violent injury to the person of another, or by committing an act that places another in reasonable apprehension of immediately receiving a violent injury. Compare *Mills v. State*, 280 Ga. 232, 235, n. 2 (626 SE2d 495) (2006). Under these circumstances,

> *Jackson* [supra] mandates that subsection (a) (2) of the assault statute, OCGA § 16-5-20, cannot be relied upon to reconcile the conflict between the guilty verdicts for felony murder and involuntary manslaughter. See *Jackson* at 412 (n. 5). First, the language of the indictment was broad enough to charge [Dryden] with . . . an aggravated assault

---

[2] Under the analysis in this opinion, we need not address the Court of Appeals' conclusion that it was Dryden's actions *after* injuring Thomason that support a finding of injuring him "*through* the violation of Code Section 40-6-390. . . ." OCGA § 40-6-394 (emphasis supplied).

premised on either subsection (a) (1) or (a) (2) of OCGA § 16-5-20. Second, the evidence was sufficient to support a verdict of guilty for an assault under either prong of OCGA § 16-5-20, and consequently, the trial court charged the jury regarding a definition of aggravated assault underlying the felony murder which included an assault under either subsection (a) (1) or (a) (2). . . . Here, as in *Jackson,* the jury did not indicate on the verdict form which assault subsection served as support for the aggravated assault underlying the felony murder. *Jackson* at 412 (n. 5). *Jackson* prohibits this Court from making the finding that the felony murder verdict rested solely on OCGA § 16-5-20 (a) (2), and thus does not eliminate the "reasonable probability" that the jury found that [Dryden] acted with both criminal intent and criminal negligence . . . .

*Flores v. State,* 277 Ga. 780, 784-785 (596 SE2d 114) (2004) (footnotes omitted).

Thus, the Court of Appeals erred when it determined that the verdicts were not mutually exclusive because the jury could have found Dryden guilty of aggravated assault under OCGA § 16-5-20 (a) (2) by placing Thomason in reasonable apprehension of immediately receiving a violent injury. Under these circumstances, we cannot eliminate the reasonable probability that the jury concluded that Dryden intentionally attempted to commit a violent injury to Thomason and found him guilty of aggravated assault by applying OCGA § 16-5-20 (a) (1).[3] Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Troy R. Millikan,* for appellant.

---

[3] The State argues that the fact that the jury acquitted Dryden of aggravated battery shows that the jury did, in fact, conclude that Dryden did not maliciously injure Thomason. However, this Court will not "speculate why a jury acquitted on . . . (one) offense and convicted on . . . (another) offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. . . ." *Turner v. State,* 283 Ga. 17, 20 (2) (655 SE2d 589) (2008) (punctuation omitted). See also *Jackson,* supra at 410, n. 3. Rather, "verdicts are mutually exclusive 'where a *guilty verdict* on one count logically excludes a *finding of guilt* on the other.' " *Turner,* supra (citation and punctuation omitted; emphasis in original).

*Lee Darragh, District Attorney, Juliet Aldridge, Alison W. Toller,*
*Assistant District Attorneys*, for appellee.