### S09A0747. SANCHEZ v. THE STATE.

(684 SE2d 251)

BENHAM, Justice.

Ricardo Sanchez appeals the judgment of conviction entered on jury verdicts finding him guilty of felony murder with aggravated assault as the predicate felony in connection with the death of Juan Arreola, and reckless conduct in connection with injuries sustained by Gerardo Arreola Velasquez.[1]

Cobb County's chief medical examiner performed an autopsy on the body of Juan Arreola on April 26, 2004, and testified at trial that the victim died as a result of generalized trauma. The medical examiner found the victim had massive injuries to his head and neck, including multiple skull fractures; his cervical spine had been cut in two; and he had a fractured sternum, right clavicle, and left leg, as well as multiple rib fractures.

Relatives of the deceased victim testified that they were gathered at a relative's home in Cobb County on the night of April 24-25,

---

[1] The victims were killed and injured on April 25, 2004, as a result of having been struck by a truck driven by appellant, and a warrant for appellant's arrest was issued the same day. In February 2005, the Cobb County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (aggravated assault), aggravated assault, driving under the influence (less safe driver), and failure to stop at the scene of the accident (hit-and-run). Appellant's trial commenced on February 20, 2006, and concluded on February 24, 2006, with the jury's return of its verdicts finding appellant guilty of felony murder and reckless conduct (as an offense included in aggravated assault), and not guilty of malice murder and driving under the influence. The trial court removed the hit-and-run charge from the jury's consideration. On March 24, 2006, appellant was sentenced to life imprisonment on the felony murder conviction and a concurrent 12-month sentence on the reckless conduct conviction. His motion for new trial, timely filed on March 31, 2006, was amended on November 13, 2006, and was denied on December 20, 2006. A timely notice of appeal was filed on January 19, 2007, and the appeal was docketed in this Court on January 26, 2009. It was submitted for decision on the briefs.

2004, when they heard tires screeching and saw a gray pickup truck. The owner of the home and several male relatives, among them victims Juan Arreola and Gerardo Arreola Velasquez, confronted appellant Ricardo Sanchez, the driver of the gray truck, who had exited his vehicle. The owner of the home demanded appellant leave the premises and he threatened to call the police if he did not. Appellant's brother and a stepson of the homeowner escorted appellant back to his truck and he departed, leaving tire tracks in the homeowner's yard and that of a neighbor. The homeowner and his relatives began to walk up the driveway to return to their family gathering when they heard tires screeching and saw appellant in his truck returning toward them. Appellant stopped, was cursed at by Juan Arreola, then turned the truck's steering wheel and sped toward the homeowner and his relatives. Gerardo Arreola Velasquez was struck by the truck and suffered a broken elbow. Juan Arreola was knocked down by the truck and was dragged into bushes. When the truck hit the foundation of the house, appellant put the truck in reverse, backed over the inert victim, put the truck in a forward gear, and ran over Arreola a third time. Appellant then drove the truck over the yard and onto the street where it struck a parked van and a brick mailbox. At that point, appellant left the truck and ran into a nearby wooded area. He was taken into custody several hours later.

1. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of felony murder with the underlying felony being aggravated assault when he repeatedly ran over Juan Arreola with his truck, thereby causing Arreola's death. See *Berry v. State*, 282 Ga. 376 (1) (651 SE2d 1) (2007). The evidence was also sufficient to authorize the jury to conclude beyond a reasonable doubt that appellant was guilty of misdemeanor reckless conduct when he caused bodily harm to Gerardo Arreola Velasquez by driving his truck in conscious disregard of a substantial and justifiable risk that his act would cause harm, and his disregard was a gross deviation from the standard of care a reasonable person would exercise in the situation. OCGA § 16-5-60 (b).

2. Appellant contends the evidence was insufficient to sustain the felony murder conviction in light of the jury's determination that appellant's behavior constituted reckless conduct insofar as the surviving victim was concerned. As noted above, the evidence was sufficient to support both convictions. We view appellant's enumerated error as one raising the possibility of mutually exclusive verdicts. Such a concern is valid where a defendant has been convicted of two crimes which required the jury to reach " 'two positive findings of fact that cannot logically mutually exist.' [Cit.]" *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). See

*Flores v. State*, 277 Ga. 780 (3) (596 SE2d 114) (2004) (where there was a single homicide victim, appellant could not be convicted of felony murder based on aggravated assault and involuntary manslaughter based on reckless conduct since the verdicts reflect the jury found the defendant to have acted with criminal intent and criminal negligence in regard to the victim). See also *Dryden v. State*, 285 Ga. 281 (676 SE2d 175) (2009) (appellant could not be convicted of aggravated assault upon a peace officer and of inflicting upon the same officer a serious injury by vehicle based upon reckless driving). The case at bar is distinguishable from those cases in that it involves two victims, both of whom were struck by the initial passing of the pickup truck, and one of whom was then struck two more times when appellant put the truck in reverse and struck the victim and then put the truck in a forward gear and ran over the murder victim again. Since the felony murder and reckless conduct convictions were based on separate and distinct underlying actions, the jury did not make "two positive findings of fact that cannot logically mutually exist," and the two convictions are not mutually exclusive. See *Mills v. State*, 280 Ga. 232 (2) (626 SE2d 495) (2006) (convictions for felony murder and vehicular homicide not mutually exclusive where they are based on separate and distinct underlying actions). Cf. *Flores v. State*, supra, 277 Ga. 780 (while convictions for felony murder based on aggravated assault and involuntary manslaughter based on reckless conduct of one victim were mutually exclusive, that did not affect appellant's conviction for aggravated assault of a second victim which took place in the same series of events resulting in the first victim being fatally shot).

3. Appellant complains that the trial court erroneously permitted two lay witnesses to give their opinion as to the ultimate issue when two of the eyewitnesses to the incident were permitted to testify that they did not believe appellant's actions were an "accident." In each instance, the witness, not a native speaker of English, referred to the incident as "the accident," prompting the assistant district attorney to inquire whether the witness thought the incident was an accident, to which the witness replied he did not think it was an accident. In one instance, defense counsel objected on the ground that the prosecutor's question called for speculation; in the second instance, defense counsel objected on the ground that the question called for the witness to make a conclusion. " 'In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.' [Cit.]" *Harris v. State*, 296 Ga. App. 465, 469 (2) (675 SE2d 236) (2009). The objection at trial that the question called for a conclusion does not preserve for appellate review a contention that

the testimony went to the ultimate issue for the jury. See *Carradine v. State*, 234 Ga. App. 330, 331 (506 SE2d 688) (1998). Inasmuch as appellant did not object at trial that the testimony was inadmissible because it was the opinion of a witness on the ultimate issue to be decided by the jury, appellant waived the ability to raise the issue on appeal. Id. See also *Harris v. State*, supra, 296 Ga. App. at 469 (2).

4. The State presented testimony that appellant was involved in an altercation with one of the homeowner's stepsons and the stepson's companion several hours before Arreola was killed and Velasquez was injured. The homeowner's stepson testified he encountered appellant earlier that evening at a restaurant where appellant, having taken offense at comments made by the stepson's companion about the stepson's sister, had grabbed at the companion's shirt. The stepson and his companion left the restaurant and went to the home the stepson shared with his mother and stepfather and where the family gathering was taking place. Minutes later, appellant arrived at the site and the victims suffered their injuries shortly thereafter. Appellant unsuccessfully sought a mistrial when the evidence concerning the altercation at the restaurant was presented, claiming that the testimony improperly placed appellant's character in issue. On appeal, he contends that the denial of his motion for mistrial was error.

"[E]vidence that is relevant and material to an issue in the case is not rendered inadmissible because it incidentally places the defendant's character in issue." *Wolfe v. State*, 273 Ga. 670, 674 (4) (a) (544 SE2d 148) (2001). The testimony at issue was evidence of appellant's motive for his actions that resulted in the death of one man and injury to another. " 'Evidence of the defendant's motive is relevant, even though it may incidentally place the defendant's character in evidence. . . .' [Cit.]" *Fulton v. State*, 278 Ga. 58, 60 (3) (597 SE2d 396) (2004). The trial court did not abuse its discretion in denying appellant's motion for mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*David J. Koontz*, for appellant.

*Patrick H. Head*, District Attorney, *Reuben M. Green, Dana J. Norman*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *David A. Zisook*, Assistant Attorney General, for appellee.